# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **WILLIAM JEROME RUTH,** individually, and as Wrongful Death Representative of the **ESTATE OF CYNTHIA SHOOK RUTH,**<br><br>Plaintiff,<br><br>v.<br><br>**BEARTOOTH ELECTRIC COOPERATIVE, INC.,** a Montana Corporation, and **ASPLUNDH TREE EXPERT, LLC,** a Pennsylvania Limited Liability Company,<br><br>Defendants. | Case No. 22-CV-00230-KHR<br><br><br>**JOINT CASE MANAGEMENT PLAN** |

**(The parties' proposed plan is subject to revision and modification by the Court at the Initial Pretrial Conference)**

1. The names of counsel or pro se parties who attended the Rule 26(f) meeting and assisted in developing this Case Management Plan.

   **Response:**

   1) **Plaintiff, William Jerome ("Jerry") Ruth, individually and on behalf of the Estate of Cynthia ("Cindy") Shook Ruth.**
      Robert Pahlke, Pahlke Law Firm
      2425 Circle Drive, Suite 200
      Scottsbluff, NE 69361

      Ian Sandefer, Sandefer & Woolsey, Trial Lawyers, LLC
      143 N. Park Street
      Casper, WY 82601

      Kenneth E. Barker, Barker Law Firm, LLC
      P.O. Box 100
      Belle Fourche, SD 57717

2) **Defendant Beartooth Electric Cooperative, Inc. ("BEC")**

   **Henry F. Bailey Jr., Bailey Stock Harmon Cottam Lopez, LLP**
   **Andrew D. Bailey, Bailey Stock Harmon Cottam Lopez, LLP**
   **6234 Yellowstone Road**
   **Cheyenne, WY 82003**

3) **Defendant Asplundh Tree Experts, LLC ("Asplundh")**

   **A. David Bona, Carlson, Calladine & Peterson, LLP**
   **One Post Street, Suite 500**
   **San Francisco, CA 94104**

   **Scott E. Ortiz, Williams Porter Day Neville**
   **P.O. Box 10700**
   **Casper, WY 82601**

2. A list of the parties in the case, including any parent corporations or entities (for recusal purposes).

   **Response:**

   1) **Plaintiff, William Jerome ("Jerry") Ruth, individually and on behalf of the Estate of Cynthia ("Cindy") Shook Ruth.**

   2) **Defendant Beartooth Electric Cooperative, Inc. ("BEC")**

   3) **Defendant Asplundh Tree Experts, LLC ("Asplundh")**

3. List any cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.

   **Response: In State District Court, Fifth Judicial District, Park County, Wyoming,** *In the Matter of the Appointment of Wrongful Death Representatives for Cynthia Shook Ruth, Deceased*, **Civil No. 30483.**

4. A short statement of the nature of the case (2 pages or less), including a description of the claims and defenses.

   **Response:**

   On November 15, 2021 at approximately 10:15 p.m., a fire, known as the "Clark fire,"

ignited during a high wind event in a rural residential neighborhood in Park County, Wyoming. The Clark fire damaged property owned by plaintiff Jerry Ruth and resulted in the death of plaintiff's wife, Cynthia Shook Ruth.

Plaintiff contends that the Clark fire was caused by contact between a cottonwood tree and an adjacent powerline owned and operated by Beartooth Electric Cooperative, Inc. ("Beartooth"). Asplundh Tree Expert, LLC contracts with Beartooth to perform tree trimming and vegetation management services on its powerlines, including in the area where the Clark fire ignited. Plaintiff contends that Asplundh negligently failed to trim or remove the cottonwood tree that contacted the powerline and caused the Clark Fire.  Plaintiff also contends that Beartooth was negligent for failing to inspect Asplundh's work and negligent in its hiring and supervision of Asplundh.  Defendant Beartooth and Defendant Asplundh each deny that they were negligent and deny that their conduct caused the Clark fire and further deny that their alleged negligence caused the death of Cynthia Shook Ruth.

Plaintiff Jerry Ruth filed a complaint, on behalf of himself and as the Wrongful death Representative of the Estate of Cynthia Shook Ruth. The complaint asserts causes of action for 1) Wrongful Death Negligence; 2) Negligent Infliction of Emotional Distress; 3) Nuisance; and 4) Negligent Hiring and Supervision.  Defendants Beartooth and Asplundh generally denied the allegations of negligence and the allegations of nuisance.  Beartooth and Asplundh each asserted various affirmative defenses, including that the fire and subsequent damages were caused by extreme winds and weather events, which the defendants could not control and that the fire was caused or contributed to by other individuals or intervening acts.  Beartooth also claims that Asplundh alone was negligent and that Ms. Ruth's death was caused, at least in part, by her own decisions upon evacuating her residence.

5. A statement describing the basis for jurisdiction and citing specific jurisdictional statutes. If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides. *If a party is a partnership or limited liability company, and the pleadings do not allege the citizenship of the partners/members, the parties shall include a statement of whether all partners/members are diverse from the opposite side.*

**Response: The parties agree that jurisdiction is properly before this Court under the authority of 28 U.S.C. § 1332. Plaintiff Jerry Ruth is a citizen of the State of Wyoming. The probate of Cindy Ruth's Estate is venued in Park County, Wyoming (Civil No. 30483). The Defendant Beartooth Electric Cooperative, Inc., is a Montana corporation and Asplundh Tree Expert, LLC, is a Pennsylvania limited liability company. Accordingly, the parties are of diverse citizenship as required under § 1332. In addition, Plaintiff has alleged damages in excess of $75,000.**

6. A list of any parties who have <u>not</u> been served, and an explanation of why they have not been served. Also, a list of any parties who have been served, but have not answered or otherwise appeared.

**Response: Both defendants have been served and have filed their Answers.**

7. A statement of whether any party expects to add additional parties to the case or otherwise amend the pleadings (the Court will set a deadline to join parties or amend pleadings at the conference).

**Response: The parties at this time, do not anticipate any substantive amendments to the pleadings.  However, Defendants Beartooth and Asplundh request a deadline for amendments in the event Defendants determine that crossclaims should be asserted.**

8. Whether there are dispositive or partially dispositive issues appropriate for decision by motion or by agreement.

**Response: The parties anticipate that they may file dispositive motions, but the subject matter of the motions is not known at this time, as discovery has just recently begun.**

9. Whether the parties have complied with self-executing discovery (initial disclosures) as required by Rule 26(a).

**Response:**

**1)  Plaintiff Jerry Ruth and the Estate of Cynthia Ruth served their disclosures on December 16, 2022.**

**2)  Defendant Beartooth Electric Cooperative served its disclosures on December 12, 2022, with supplements on January 3, 2023, and January 4, 2023.**

**3)  Defendant Asplundh Tree Experts, LLC served its disclosures on January 6, 2023.**

10. Whether the parties can stipulate to any facts to avoid or minimize discovery; the nature and type of discovery each party intends to pursue, whether proportionality of discovery is an issue, whether the parties anticipate any issues with discovery of electronically stored information (ESI), and whether the discovery should be limited in any manner.

**Response:  The parties have discussed attempting to narrow the scope of discovery to reduce costs to all parties.  Plaintiff has drafted Requests for Admissions with the intention that the parties can discuss those fact issues to which they agree and cannot agree.**

**As to the latter, those issues will be subject of further fact discovery, which may include laboratory analysis, and expert witness testimony.**

11. Proposed specific dates for each of the following, keeping in mind that trial should occur within approximately nine (9) months from the date of the Initial Pretrial Conference, unless there are unusual or unique circumstances. Parties should be prepared to address any issues that require additional time at the Initial Pretrial Conference.

    a. Proposed dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);

    b. A proposed deadline for the completion of fact discovery; and

    c. A proposed date for trial.

**Response: The parties propose the following dates:**

1) **Fact discovery be completed by June 30, 2023.** The parties propose no limit to the number of depositions or the number of fact-witness depositions that each party may take, provided the number is reasonable and proportional to the issues of the case. FRCP 30(1)(a).

2) **Expert witness reports according to FRCP 26(a)(2)(A)-(C) be submitted as follows:**
    a. **Plaintiff—July 31, 2023**
    b. **Defendants—September 1, 2023**
    c. **Plaintiff's Rebuttal—September 15, 2023**

3) **Expert witness depositions will be completed by October 31, 2023.**

4) **Substantive motions deadline be November 17, 2023, with 2 weeks for Response and 5 days for Reply briefs to be submitted. (Final briefs submitted by November 8)**

5) **Pretrial hearing be set for the week of November 13, 2023.**

6) **Jury Trial be set for 12 trial days, beginning the first part of January 2024. as the Court's calendar permits.**

12. Indicate any other matters peculiar or unique to this case, including discovery, that deserve the special attention of the Court at the Initial Pretrial Conference.

**Response:**

13.The estimated length of trial and any suggestions for shortening the trial.

**Response: The parties request the Court at this time reserve 12 days.**

14.The prospects for settlement (good, fair, or poor), including any request of the Court for assistance in settlement efforts.

**Response: The parties have agreed to discuss settlement potential as discovery and case preparation progresses. They assess their chances of settlement as fair to good.**

15.Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner.

**Response:**

Dated January 27, 2023.

**BARKER LAW FIRM, LLC**

By:/s/Kenneth E. Barker
Kenneth E. Barker (Wyo. Bar No. 6-3040)
10956 SD Highway 34
P.O. Box 100
Belle Fourche, SD 57717-0100
Tel: (605) 723-8000
Fax: (605) 723-8010
kbarker@barkerlawfirm.com

**SANDEFER & WOOLSEY, TRIAL LAWYERS, LLC**
Ian K. Sandefer (WY Bar No. 6-4334)
143 N. Park Street
Casper, WY 82601
Tel: (307) 232-1977
ian@swtriallawyers.com

**THE ROBERT PAHLKE LAW GROUP**
Robert G. Pahlke (NSBA No. 13201)
To be Admitted Pro Hac Vice
2425 Circle Drive, Suite 200
Scottsbluff, NE 69361
Tel: (308) 633–4444
Fax: (308) 633-4445
rgp@pahlkelawgroup.com

*Attorneys for Plaintiff*

Dated January 25, 2023.

                              **BAILEY STOCK HARMON COTTAM LOPEZ LLP**

By  /s/Henry F. Bailey, Jr.
     Henry F. Bailey Jr. (WY Bar No. 5-1681)
     Andrew D. Bailey (WY Bar No. 7-6112)
     6234 Yellowstone Road
     P.O. Box 1557
     Cheyenne, WY 82003
     Tel: (307) 638-7745
     Fax: (307) 638-7749
     hank@performance-law.com

*Attorney for Defendant*
*Beartooth Electric Cooperative, Inc.*

Dated January 25, 2023.

          **WILLIAMS PORTER DAY NEVILLE PC**

By  /s/Scott E. Ortiz
Scott E. Ortiz (WY Bar No. 5-2550)
PO Box 10700
Casper, WY 82601
Tel: (307) 638-7745
Fax: (307) 266-2306
sortiz@wpdn.net

**CARLSON, CALLADINE & PETERSON, LLP**
A. David Bona
Admitted Pro Hac Vice
One Post Street, Suite 500
San Francisco, CA 94104
Tel: (415) 391-3911
Fax: (415) 391-3898
dbona@ccplaw.com

*Attorneys for Defendant*
*Asplundh Tree Expert, LLC*