

September 29, 2023

Mr. Ken Barker
Barker Law Firm, LLC
P.O. Box 100
Belle Fourche, SD 57717
Via email: kbarker@barkerlawfirm.com

# CLARK FIRE REBUTTAL REPORT

Dear Mr. Barker:

Jensen Hughes was retained by Barker Law Firm, LLC to investigate the wildfire fire incident that occurred on November 15, 2021 in Clark, Wyoming. Pursuant to your request, Jensen Hughes has prepared the attached expert report rebutting the findings of defense experts Craig Rice and Kirk Schmitt, both of Golden Forensics. If you have any questions concerning this report, please contact me at (206) 909-8126.

Respectfully submitted by:                 Respectfully reviewed by:

Paul T. Way, PE, CFI, CFEI               Sam Shuck, PE, CFEI
Technical Fellow, Electrical Engineering   Senior Electrical Engineer, Forensics
Jensen Hughes                             Jensen Hughes

23109 55th Avenue W.
Mountlake Terrace, WA 98043
O: +1 425-775-5550 | F: +1 425-775-0900

Copyright © 2023 Jensen Hughes, Inc.
All Rights Reserved. T0123

*jensenhughes.com*

Clark Fire
Way 0051



# WILLIAM JEROME RUTH, INDIVIDUALLY, AND AS WRONGFUL DEATH REPRESENTATIVE OF THE ESTATE OF CYNTHIA SHOOK RUTH

# V.

# BEARTOOTH ELECTRIC COOPERATIVE, INC., ET AL.

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF WYOMING

## CIVIL ACTION NO.: 22-CV-230

## REPORT DATE:  AUGUST 14, 2023
## JENSEN HUGHES FILE NO. 1A3917001

Report Prepared by:

_____

Paul T. Way, PE, CFI, CFEI
Technical Fellow, Electrical Engineering
Jensen Hughes

Technical Review by:

_____

Sam Shuck, PE, CFEI
Senior Electrical Engineer, Forensics
Jensen Hughes

Clark Fire
Way 0052

William Jerome Ruth v. Beartooth Electric Cooperative, Inc., et al.
US District Court, District of Wyoming
Civil Action No.: 22-CV-230
Jensen Hughes File: 1A3917001

**JENSEN HUGHES**

# REBUTTAL OF THE FINDINGS OF CRAIG RICE OF GOLDEN FORENSICS

Mr. Rice provided a report dated September 15, 2023 in which he expressed a number of findings and opinions.

On page 19 of his report, Mr. Rice stated,

> *"The Asplundh inspector, Perry Toler, testified that he was approximately 35 feet from the tree. Figure 12 was taken from the approximate location of where Mr. Toler testified that he viewed the tree clearance."*

Mr. Toler further testified that he inspected the tree to powerline clearance from the road to the north of the subject tree while sitting in his truck.[1] Examination of the fire area and the location that Mr. Toler inspected the subject tree from his truck reveals that the distance from the truck to the tree was actually 115-150 feet (refer to Figure 1). In essence, Mr. Toler's estimate of 35 feet was off by around 377%. This portion of Mr. Toler's testimony regarding his inspection is unreliable.

Figure 12 of Mr. Rice's report shows that Mr. Toler should have been able to determine that the subject tree should have been trimmed. Jensen Hughes photographed the subject tree on June 16, 2022. These photographs are shown below in Figure 2 and Figure 3. This photograph clearly shows that the clearance between the subject tree and the distribution line was inadequate, and the tree should have been trimmed. Furthermore, the only branch on the subject tree that was dead was the branch closest to the distribution line and that branch exhibited evidence of contact with the distribution line.

Mr. Rice spent considerable time in analysis of the lidar images of the subject tree, the distribution line, and the movement of the distribution line (refer to Rice report pages 13-16 and page 20). This analysis does not sufficiently account for and represent the dynamic movements of both distribution conductors and tree limbs during wind events. During wind events trees and conductors do not move in only one direction. Distribution lines "gallop" up and down and back and forth. In the same manner, tree branches sway up and down and back and forth. The ultimate distance between conductor and limb is a result of motion on either side on multiple axis. Ultimately, the burn damage on the subject tree branches and the soot on the distribution line is enough to prove that the branches contacted the line.

On page 23 of his report, Mr. Rice admits that the subject distribution line exhibited contact with the subject tree as evidenced by the resin deposits and soot on the conductor. This an admission that the tree contacted the distribution line and therefore that the tree should have been trimmed.

Mr. Rice offers no opinion that the subject tree did not contact the distribution line. He admits in fact that the tree contacted the line. He admits that there was evidence of burning on the subject tree branches. Finally, he offers no opinion regarding the origin and/or cause of the fire.

---

[1] Toler deposition page 11.

Clark Fire
Way 0053

William Jerome Ruth v. Beartooth Electric Cooperative, Inc., et al.
US District Court, District of Wyoming
Civil Action No.: 22-CV-230
Jensen Hughes File: 1A3917001





**Figure 1. Drone imagery that shows the actual distance from the location that Mr. Toler claims he inspected the subject tree to the tree.**

Clark Fire
Way 0054

William Jerome Ruth v. Beartooth Electric Cooperative, Inc., et al.
US District Court, District of Wyoming
Civil Action No.: 22-CV-230
Jensen Hughes File: 1A3917001

JENSEN HUGHES



**Figure 2. Image facing north of the subject tree and power line. Note the dead branch and the clearance to the line. 3917001 Photos 2022_06_16 SCS, IMG_0029**

Clark Fire
Way 0055

William Jerome Ruth v. Beartooth Electric Cooperative, Inc., et al.
US District Court, District of Wyoming
Civil Action No.: 22-CV-230
Jensen Hughes File: 1A3917001

**JENSEN HUGHES**



**Figure 3. 3917001 Photos 2022_06_16 SCS, IMG_0064 Image facing south towards the subject tree. . Note the clear view of the distance between the dead branch of the subject tree and the distribution line.**

## REBUTTAL OF THE FINDINGS OF KIRK SCHMITT OF GOLDEN FORENSICS

Mr. Schmitt offered only a single opinion based on his investigation and analysis: That the cause of the fire was undetermined. Mr. Schmitt provided a summary of why he concluded that the cause of the fire was undetermined on page 14 of his report.

First, he stated that the subject distribution conductor could not have moved towards the subject tree after the fire, after branches were burned and broken off. This ignores the fact that the tree branches were burned and broken and that they would have been moving in the wind as explained above.

Mr. Schmitt t stated on page 4 of his report, "There is no indication that the branch was involved in the Nov 15, Clark Wildfire". The evidence that the branch(es) from the subject tree were the cause of the fire was analyzed extensively in our first report.

Mr. Schmitt stated on page 9 of his report that there is no evidence of arc tracking on evidence items E-1, E-9, or E-11. This is false. There is very strong evidence of arc tracking on evidence item E-9 as discussed in our first report.

William Jerome Ruth v. Beartooth Electric Cooperative, Inc., et al.
US District Court, District of Wyoming
Civil Action No.: 22-CV-230
Jensen Hughes File: 1A3917001



Mr. Schmitt discussed the differences between the tree branches, evidence items E-1 and E-11 and concluded that the tree branches did not match. We dispute this finding and assert that the tree branches were from the same tree and were of the same species. This will be further discussed by John Goodfellow.

Next, Mr. Schmitt stated that there were no spot fires between the subject tree and the area of the fire origin. This is irrelevant to the cause determination of the fire given what is known about the wind conditions at the time of the fire, that there were burnt limbs in the tree's crown, and that a limb with a burnt end was found in between the tree and the location of the first ground level burning of the fire.

Finally, he focused on the dark spots on the tree branches and ignored all of the other burn damage to the tree branches. This burn damage was readily visible from the ground and was especially apparent after the limbs had been harvested from the tree.

Like Mr. Rice, Mr. Schmitt did not address the proximity of the subject tree to the distribution line, and that the clearance was sufficient per the Asplundh contract with BEC. He also, did not address the evidence of tree contact on the distribution line, which was visible from the ground level and apparent after the harvesting of the distribution conductor.

Clark Fire
Way 0057