Scott E. Ortiz (WSB 5-2550)
WILLIAMS PORTER DAY NEVILLE PC
PO Box 10700
Casper, WY 82602
Telephone No.: (307) 265-0700
Facsimile No.: (307) 266-2306
Email: sortiz@wpdn.net

David Bona (CA SBN: 209605; TX SBN 24103639)
*Admitted Pro Hac Vice*
CARLSON, CALLADINE & PETERSON
One Post Street, Suite 500
San Francisco, CA 94104
Telephone No.: (415) 391-3911
Facsimile No.: (415) 391-3898
Email: dbona@ccplaw.com

*Attorneys for Defendant ASPLUNDH TREE EXPERT, LLC*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **WILLIAM JEROME RUTH,** individually, and As Wrongful Death Representative of the **ESTATE OF CYNTHIA SHOOK RUTH,**<br><br>Plaintiff,<br><br>v.<br><br>**BEARTOOTH ELECTRIC COOPERATIVE, INC.,** a Montana Corporation, and **ASPLUNDH TREE EXPERT, LLC,** a Pennsylvania Limited Liability Company,<br><br>Defendants. | Case No. 2:22-cv-00230-KHR<br><br><br>**ASPLUNDH TREE EXPERT, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY ON "ACT OF GOD" AFFIRMATIVE DEFENSE AND PARTIAL SUMMARY JUDGMENT (LIABILITY)** |

COMES NOW Defendant Asplundh Tree Expert, LLC ("Asplundh" or "Defendant"), by and through counsel of record, and submits the following Response to Plaintiff's Motion for Summary Judgment on "Act of God" Affirmative Defense and Partial Summary Judgment Re (Liability) (the "Response").

1

**I.     INTRODUCTION**

In bringing this Response to Plaintiff's Motion for Summary Judgment and Partial Summary Judgment (the "Motion"), Asplundh recognizes that the Motion is not directed to Asplundh and seeks no relief on Plaintiff's claims against Asplundh. To the contrary, the thrust of Plaintiff's Motion focuses in large part on purported admissions and statements by Defendant Beartooth Electric Cooperative, Inc. ("Beartooth"), not Asplundh. For these reasons, the Motion is framed in such a manner that would make it impossible for Asplundh to provide a meaningful opposition, even if Asplundh were a party to the Motion, which it is not. In any event, if Plaintiff intended to seek a ruling as to Asplundh, he should have filed a motion directed to Asplundh, which he has chosen not to do. This response, therefore, is not intended as an opposition to the Motion, but rather is submitted as a precautionary measure to place on the record Asplundh's objection to entry of any order that could explicitly or implicitly be deemed conclusive on any issues encompassed in Plaintiff's claims against Asplundh, in the event the Court grants the Motion against Beartooth on the issue of liability.

**II.    PLAINTIFF'S MOTION FOCUSES ON BEARTOOTH'S PURPORTED ADMISSIONS, NOT FACTUAL DISPUTES BETWEEN PLAINTIFF AND ASPLUNDH, AND THEREFORE DOES NOT BIND ASPLUNDH**

The plaintiff's request for partial summary judgment on Beartooth's liability does not assert the absence of genuine, disputed facts between the plaintiff and Asplundh. The fact that the motion does not seek summary judgment against Asplundh implicitly recognizes the existence of such disputed facts. Instead, the Motion relies on alleged admissions contained in Beartooth's Answer to the plaintiff's Complaint, purported admissions and testimony from Beartooth's employees and representatives, and statements in the report of Beartooth expert, which Plaintiff in large part characterizes as admissions by Beartooth.

Because the Motion treats Beartooth's statement in pleadings and deposition as judicial or other evidentiary admissions, such purported admissions cannot be binding on Asplundh. Judicial admissions are formal admissions, deliberate declarations that a party or his attorney

2

makes in a judicial proceeding, that have the effect of withdrawing a fact from issue and dispensing with the need for proof of fact for issues about which there is no real dispute. *United States v. E.F.*, 920 F.3d 682, 668 (10 Cir. 2019). Judicial admissions are binding on the party that made them. *Amgen Inc. v. Conn. Ret. Plans & Trust Funds,* 568 U.S. 455, 470 n.6 (2013). Evidentiary admissions are extrajudicial statements that are admissible, but are not conclusive and maybe can be controverted or explained by the party who made them. *Ascarco, LLC v. Noranda Mining, Inc.*, 844 F.3d 1201, 1212 n.3 (10 Cir. 2017). Deposition testimony, even the testimony of a Rule 30(b)(6) representative, is merely an evidentiary admission rather than a judicial admission. *Vehicle Mkt. Research, Inc. v. Mitchell Int'l, Inc.*, 839 F.3d 1251, 1260 (10th Cir. 2016).

While any judicial admission on the part of Beartooth may be binding or conclusive as to Beartooth, it is neither conclusive nor binding as to Asplundh. Beartooth's evidentiary admissions are not binding even against it, let alone Asplundh. Finally, the facts from Beartooth's admissions, or a ruling based thereon, cannot be used as evidence against Asplundh later in the proceedings because an admission, whether judicial or otherwise "is not itself evidence." *Martinez v. Bally's La. Inc.,* 244 F.3d 474, 476 (5th Cir. 2001).

For these reasons, any ruling on Plaintiff's pending Motion, which focuses on Beartooth's admissions and statements, not on genuine issues of undisputed facts between Plaintiff and Asplundh, should not be deemed binding on Asplundh.

### III. CONCLUSION

Defendant Asplundh Tree Expert LLC respectfully submits the foregoing response to Plaintiff's motion for summary judgment and partial summary judgment.

Dated this 8th day of November 2023.

By: ___/s/ David Bona_____
       David Bona (CA SBN: 209605;
       TX SBN 24103639)
       *Admitted Pro Hac Vice*
       CARLSON, CALLADINE & PETERSON
       One Post Street, Suite 500
       San Francisco, CA  94104
       Telephone: (415) 391-3911
       Email: dbona@ccplaw.com

       Scott E. Ortiz (WSB 5-2550)
       WILLIAMS PORTER DAY NEVILLE PC
       PO Box 10700
       Casper, WY 82602
       Telephone No.: (307) 265-0700
       Facsimile No.:  (307) 266-2306
       Email: sortiz@wpdn.net

       *Attorneys for ASPLUNDH TREE EXPERT, LLC*

**CERTIFICATE OF SERVICE**

This is to certify that on the 8th day of November, 2023, the undersigned served the within and foregoing **ASPLUNDH TREE EXPERT, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY ON "ACT OF GOD" AFFIRMATIVE DEFENSE AND PARTIAL SUMMARY JUDGMENT (LIABILITY)** upon counsel by electronic service via CM/ECF to:

Kenneth E. Barker
Barker Law Firm, LLC
10956 SD Highway 34
PO Box 100
Belle Fourche, SD 57717
Telephone: (605) 723-8000
Email: kbarker@barkerlawfirm.com

Ian K. Sandefer
Sandefer & Woolsey, Trial Lawyers, LLC
143 N. Park Street
Casper, WY 82601
Telephone: (307) 232-1977
Email: ian@swtriallawyers.com

Robert G. Pahlke
The Robert Pahlke Law Group
2425 Circle Drive, Suite 200
Scottsbluff, NE 69361
Telephone: (308) 633–4444
Email: rgp@pahlkelawgroup.com

Henry F. Bailey, Jr.
Andrew D. Bailey
Bailey Stock Harmon Cottam Lopez
6234 Yellowstone Road
PO Box 1557
Cheyenne, WY 82003
Email: hank@performance-law.com
Email: andy@performance-law.com

Scott E. Ortiz
Williams Porter Day & Neville PC
PO Box 10700
Casper, WY 82601
Email: sortiz@wpdn.net

           */s/ David Bona*_____
           David Bona