Henry F. Bailey, Jr., #5-1681
Andrew D. Bailey #7-6112
Bailey | Stock | Harmon | Cottam | Lopez LLP
P. O. Box 1557
Cheyenne, WY 82003
(307) 638-7745
(307) 638-7749 (fax)
Hank@performance-law.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| WILLIAM JEROME RUTH, Individually, and as Wrongful Death Representative to the ESTATE OF CYNTHIA SHOOK RUTH, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| BEARTOOTH ELECTRIC COOPERATIVE, INC., a Montana Corporation, and ASPLUNDH TREE EXPERT, LLC, a Pennsylvania Limited Liability Company, | ) ) ) ) ) ) |
| Defendants. | ) |

Civil Action No. 22-CV-230

### DEFENDANT BEARTOOTH ELECTRIC COOPERATIVE, INC.'s
### MOTION IN LIMINE

Defendant Beartooth Electric Cooperative, Inc. ("Beartooth") hereby moves for a pretrial order in limine as follows:

1. Precluding any and all evidence, comment, or argument during any phase of the trial in the above-captioned case, including voir dire, about anyone's, including Plaintiff's and his children's, mental anguish, grief, sorrow, emotional distress, or mental/emotional suffering (collectively "mental anguish" or "emotional distress") arising from or related to the death of Cindy Ruth. This includes. without limitation, mental anguish while searching for Cindy Ruth the night and early morning of the Clark Fire (November 15 and 16, 2021), learning about Cindy

Ruth's death, or related events subsequent to Cindy Ruth's death, including her funeral or interment, or life without Cindy.

Wyoming case law is clear that damages for emotional distress are not recoverable in a wrongful death action. *Knowles v. Corkill*, 51 P.3d 859, 865 (Wyo. 2002); *W.C.P.J.I.* 6.02. "From judicial interpretation to statute, the law in Wyoming is firmly set that no recovery is allowed in a wrongful death action for mental anguish. Because wrongful death actions, including compensable damages, are governed by statute, it is the province of the legislature to alter the existing law. We have no authority to substitute our views for those expressed by the Wyoming legislature in a duly enacted statute. The measure of damages is set by statute to exclude damages for mental anguish and we are not at liberty to extend the statutorily proscribed remedies." *Id.*

The measure of damages for wrongful death in Wyoming are set forth in *W.C.P.J.I.* 6.02:

"If you find for the Plaintiff on the question of liability, you shall determine [without regard to any percentage you have allocated as to the loss of chance claim] the amount of damages, if any, sustained by [each] [the] claimant, taking into account the nature, extent, and duration of each of the following:

1. The amount each such claimant has failed or will fail to receive from the decedent's earnings, as explained in the following instruction;

2. The loss of probable future companionship, society and comfort, which *shall not include any damages for claimant's mental anguish*; and

3. Any other monetary loss sustained and proved by any of the claimants resulting from the death of the decedent, including funeral expenses and other proper charges.

There is no formula that the court can give you for the determination of damages for loss of probable future companionship, society, and comfort. However, *this amount may not include damages for mental anguish and/or suffering.* It is not necessary that any witness shall have expressed any opinion as to the dollar amount of damages. Your award, if any, should be such sum as will fairly and adequately compensate the claimants. The amount awarded, if any, rests within your sound discretion, and it is up to you to determine taking into consideration all the evidence in this case and from your knowledge, observation, and experience in life. Your award, if any, should be for what damages are reasonable and just." (Emphasis added).

(See also, *W.C.P.J.I.* 4.09A4, Damages for loss of consortium – "You may not award any amount for emotional distress damages.")

These are the damages Plaintiff may recover if Plaintiff prevails on his wrongful death claim. Therefore, any evidence or comment, etc., on mental anguish/emotional distress during the course of the trial would be immaterial and irrelevant and should not be permitted. *FRE* 401. Even if there were some remote or tangential relevance to this evidence, its relevance would be "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury...." *FRE* 403.

2. Plaintiff has asserted a separate claim for negligent infliction of emotional distress but as pointed out in Defendant Asplundh Tree Expert, LLC's Motion for Partial Summary Judgment, the undisputed facts of this tragic event do not support such a claim and thus no evidence, comment, or argument should be permitted before the jury. Wyoming law has been well established on this matter since *Gates v. Richardson*, 719 P.2d 193 (Wyo. 1986), where the Court held that in order to have a viable claim for negligent infliction of emotional distress, "plaintiff must observe either the infliction of the fatal or harmful blow or observe the results of the blow after its occurrence without material change in the condition and location of the victim." *Gates* at 201.

In reaching its conclusion and holding, the Court expressly adopted the Massachusetts' rationale and rule:

"The essence of the tort is the shock caused by the perception of an especially horrendous event. *Yandrich v. Radic, Pa.*, 495 Pa. 243, 433 A.2d 459, 461 (1981). It is more than the shock one suffers when he learns of the death or injury of a child, sibling or parent over the phone, from a witness, or at the hospital. It is more than bad news. The kind of shock the tort requires is the result of the immediate aftermath of an accident. It may be the crushed body, the bleeding, the cries of pain, and, in some cases, the dying words which are really a continuation of the event. The immediate aftermath may be more shocking than the actual impact. Therefore, we hold that the

3

plaintiff can recover if he observed the infliction of serious bodily harm or death, or if he observed the serious bodily harm or death shortly after its occurrence but without material change in the condition and location of the victim. Comment, Dillon Revisited, 43 *Ohio State L.Rev.* 931, 948 (1982)."
*Gates* at 199.

Thankfully, Plaintiff did not witness the death of his wife. He was not among those who found Cindy Ruth's body on November 16, 2021. He was not asked to identify her body. He did not see her body. He helped to confirm her death by her charred cell phone and subsequently observed the body bag that held her remains after it had been transported away from the scene of her death. Thus, there are no facts that support the claim. Any and all evidence, comment, or argument regarding Plaintiff's emotional distress should not be presented to the jury at any time and in any manner or form, including during voir dire.

3. Photograph/s of Cindy Ruth's dead body. This evidence has no probative value. There is no dispute about Cindy Ruth's death or that her death was caused by the Clark Fire. The only purpose of this evidence would be to inflame the jury and play on their sympathies, sentiments, and emotions, which would be prejudicial and improper. *FRE* 401-403. The jury cannot be "governed by sentiment, conjecture, sympathy, passion, prejudice, public opinion, or public feeling for or against any party." *W.C.P.J.I.* 1.03.

4. During the course of discovery, comments have been made by counsel and by some witnesses regarding how loved and respected Cindy Ruth was by the Clark, Wyoming community, what a good neighbor she was, and what a loss to the community her death has been. Obviously, Cindy Ruth's neighbors and the community at large have no claims for relief in this case. They should not be permitted to testify, nor should there be any comment by counsel or testimony by Plaintiff, regarding the loss to the community or the neighbors because of Cindy Ruth's death, or their individual suffering, sadness, or loss. Nor should there be any evidence or comment about

Ms. Ruth's acts of kindness or generosity toward community members. The proper beneficiaries of any recovery in this case are limited by W.S. 1-38-102 and 2-4-101. *Saffels v. Bennett*, 630 P.2d 505 (Wyo. 1981); *Butler v. Halstead*, 770 P.2d 698, 700 (Wyo. 1989). And the proper elements of damages are set forth in *W.C.P.J.I.* 4.09A4 and 6.02. In the context of a wrongful death action where proper the claimants and proper damages are clearly identified by statute and case law there is simply no room for evidence from third parties who cannot recover for their loss, no matter how real it might be. The only purpose for this evidence would be to expand or inflate the impact of the loss and thus the damages.

5. Any and all evidence, including testimony, comment, or argument regarding meetings and community gatherings where the causes or possible causes of the Clark Fire were discussed. In the days and weeks following the Clark Fire, two general theories were discussed and advanced by various individuals. One theory, which was adopted early in the investigation by Fire Chief Nate Hoffert and others, was that because of an extreme wind event the Beartooth powerline encountered a cottonwood tree on the Hutton property, which caused embers to be emitted and blown to the area of origin 143 feet away, igniting a fire that then spread through the Clark community. Another theory suggested initially by a retired fire fighter and his daughter was that someone may have been on the premises who may have started the fire. (Owens dep. Pgs. 12-31; Alicia Martin dep. Pgs. 12-15). The theory that cottonwood/powerline contact may not have been the cause of the Clark Fire was also supported, at least in part, by Defendant's initial fire investigator, Eric Black, P.E, Knott Laboratory LLC. (Black Preliminary Findings Summary attached). Because Mr. Owens presented the information he had obtained from the Martins and Eric Black to Plaintiff and the Clark community, Plaintiff's counsel intimated or implied during Mr. Owens' deposition that he and Beartooth were deceptive, dishonest, or misleading in the

5

presentation of information regarding the Clark Fire and its cause. Nothing could be further from the truth, but even if it was, the evidence is irrelevant and immaterial and should not be presented to the jury in evidence, comment, or argument. And if there is some minimal relevance to the evidence, its probative value is far outweighed by the potential for unfair prejudice, confusion of the issues, and misleading the jury. *FRE* 401-403. Therefore, no evidence, comment, or argument imputing dishonesty or deception concerning the origin or cause of the Clark Fire should be presented to the jury.

Wherefore, Defendant Beartooth respectfully requests an entry of an Order In Limine consistent with the argument and authority set forth herein.

Dated this 17th day of November, 2023.

**BAILEY STOCK HARMON COTTAM LOPEZ LLP**
*/s/ Henry F. Bailey Jr.*
Henry F. Bailey Jr.
Andrew D. Bailey
6234 Yellowstone Road
Cheyenne, WY 82003
307-638-7745
*Attorney for Defendant*
*Beartooth Electric Cooperative, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing ***Motion in Limine*** was served via the court's CM/ECF system on the 17th day of November, 2023, to the following:

Kenneth E. Barker
10956 SD Highway 34
P. O. Box 100
Belle Fourche, SD 57717-0100
kbarker@barkerlawfirm.com

Ian K. Sandefer
143 N. Park Street
Casper, WY 82601
ian@swtriallawyers.com

Robert G. Pahlke
The Robert Pahlke Law Group
2425 Circle Drive, Suite 200
Scottsbluff, NE 69361
rgp@pahlkelawgroup.com

David Bona
Colin Munro
Michael Sepuya
CARLSON, CALLADINE & PETERSON, LLP
One Post Street, Suite 500
San Francisco, CA 94101
dbona@ccplaw.com
cmunro@ccplaw.com
msepuya@ccplaw.com

Scott E. Ortiz
WILLIAMS PORTER DAY NEVILLE, P.C.
P.O. Box 10700
Casper, WY 82602
sortiz@wpdn.net

*/s/ Henry F. Bailey Jr.*
Henry F. Bailey Jr.